**Marjorie Ann S. GALLAGHER**

v.

**STATE FARM INSURANCE COMPANY.**

Civ. A. No. 90–4613.

United States District Court, E.D. Louisiana.

March 14, 1991.

---

## MEMORANDUM AND ORDER

SEAR, District Judge.

### BACKGROUND

This is an action arising under the court's diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff Marjorie Ann Serio Gallagher alleges she was involved in an automobile accident, and suffered personal injuries as the result of the negligence of the other driver, Celeste Bergez. Defendant State Farm Mutual Insurance Company ("State Farm") is the automobile insurer of Donald Bergez, Celeste's father, who is alleged to be liable for his minor daughter's negligence. State Farm is also Gallagher's uninsured/underinsured motorist insurer.

Gallagher settled her claim against Donald Bergez and State Farm as Bergez's insurer, apparently for the $10,000 limit of Bergez's State Farm policy. Subsequently, State Farm removed the action here to resolve Gallagher's claims against State Farm as her underinsured motorist insurer. Gallagher's second amended petition alleges that State Farm is liable not only for her damages that exceed Donald Bergez's State Farm policy, but also for penalties and attorney's fees under La.Rev.Stat.Ann. § 22:658 for arbitrarily and capriciously refusing to pay her underinsured motorist policy claim, despite satisfactory proofs of loss.

State Farm filed an answer on November 27, 1990, and a counterclaim on January 4, 1991. The counterclaim seeks reimbursement of $6,500 State Farm tendered to Gallagher on July 24, 1990 under the underinsured motorist policy. The counterclaim alleges that Gallagher was unjustly enriched by the $6,500 payment. The tendered payment was sent to Gallagher's counsel and was accompanied by a letter from State Farm that reads in full:

Attached please find State Farm draft # 833836Q in the amount of $6,500, which represents a good faith and uncon-
ditional tender under the underinsured motorist coverage of the Ann Serio policy.

This evaluation was made based on the information I received from your office on May 24, 1990.

Gallagher has filed a motion for summary judgment on State Farm's counterclaim. Gallagher's motion asserts that the tender was "unconditional," was made under La. Rev.Stat.Ann. 22:658 and *McDill v. Utica Mutual Insurance Company*, 475 So.2d 1085 (La.1985), and that there is no authority for refunding such a tender.

### ANALYSIS

This appears to be a question of first impression. The purpose of La.Rev.Stat. Ann. § 22:658 is to require insurance companies to promptly pay claims upon satisfactory proofs of loss. An arbitrary and capricious refusal to pay a claim may subject the insurer to penalties and attorney's fees.

> To establish a 'satisfactory proof of loss' of an uninsured/underinsured motorist's claim, the insured must establish that the insurer received sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages.

*McDill v. Utica Mut. Ins. Co.*, 475 So.2d at 1089, citing *Hart v. Allstate Ins. Co.*, 437 So.2d 823 (La.1983).

*McDill* adds to § 22:658 the requirement that upon presentation of satisfactory proofs of loss, the insurer must tender so much of a claim as cannot reasonably be disputed.

> If the insured has shown that he was not at fault, the other driver was uninsured/underinsured and that he was in fact damaged, the insurer cannot stonewall the insured because the insured is unable to prove the *exact* extent of his general damages.... If the first three elements of the Hart test are satisfied and the insured has made a showing that the insurer will be liable for some gener-

al damages, the insurer must tender the reasonable amount which is due. This amount would be unconditionally tendered to the plaintiff not in settlement of the case, but to show their good faith in the matter and to comply with the duties imposed upon them under their contract of insurance with the insured. The amount that is due would be a figure over which reasonable minds could not differ.

*McDill,* 475 So.2d at 1091–92 (emphasis in original). The tender *McDill* requires serves to demonstrate that the insurer is acting in good faith and will satisfy its commitments under the contract of insurance. The tender is unconditional because the plaintiff need not release his or her claims in return. Just as the insured is not precluded by acceptance of the tender from seeking more, the insurer may not be precluded from arguing that its tender was too generous. While the amount the insurer must tender is that which cannot reasonably be disputed, the terms by which *McDill* describes the tender it requires do not admit of the conclusion that the insurer is forbidden from arguing later that a tender it made was excessive or mistaken. A tender under *McDill* does not negate whatever right to recover an insurer may have against its insured for mistaken or excessive payments. *See* La.Civ.Code arts. 2301[1] and 2302,[2] and cases thereunder. Accordingly,

Plaintiff's motion for summary judgment is DENIED.

---

1. **Art. 2301. Obligation to restore thing unduly received**

Art. 2301. He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.

2. **Art. 2302. Right to reclaim thing unduly paid**

Art. 2302. He who has paid through mistake, believing himself a debtor, may reclaim what he has paid.