593 So.2d 918 (1992)
UNITED SERVICES AUTOMOBILE ASSOCIATION
v.
Dr. Joseph E. DUGAS, Jr.
No. 91-C-0068.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1992.
Writ Denied April 10, 1992.
*919 C. Gordon Johnson, Jr., John A. Kopfinger, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, for United Services Auto. Ass'n.
Donald V. Organ, New Orleans, for Dr. Joseph E. Dugas.
Before WARD, J., and GULOTTA and HUFFT, JJ. Pro Tem.
WARD, Judge.
This matter originally came before this court in an application for supervisory writs filed by defendant, Dr. Joseph E. Dugas, Jr. That application asked this Court to review and reverse the trial court decisions which overruled Dugas's peremptory exceptions and denied his motion for summary judgment. This court denied the writ application, but the Supreme Court remanded it to this court for briefing, argument, *920 and opinion. S.Ct. No. 91-CC-1210, June 28, 1991. 582 So.2d 847.
The writ raises the question of whether an insurance carrier can recover from its insured the payment of a thing not due. When an insured is injured through the fault of an uninsured or underinsured motorist, if the insurer provides uninsured or underinsured motorist coverage, then the insurance contract obligates the insurer to pay underinsured damages. As a sign of good faith in fulfilling that obligation, La.R.S. 22:658 and McDill v. Utica Mutual Insurance Co., 475 So.2d 1085 (La.1985) require an insurer to promptly and unconditionally tender a reasonable amount to its insured. However, if the insurer's tender and payment prior to trial exceeds the uninsured portion of the total damages awarded by a jury, can the insurer recover the excess as a payment of a thing not due?
We hold that the insurer can recover the overpayment because the contract of insurance is the law between the parties. The provision of that contract relating to underinsured motorist coverage requires the insurer to pay only the uninsured portion of the actual damages, and we interpret this to mean damages judicially determined, in this case by a jury, just as the liability provisions mean an insurer is liable to third parties only for judicially determined damages.
Neither party disputes the relevant facts. This case is related to an earlier suit that resulted from an automobile accident involving Dr. Dugas and an underinsured motorist. At the time of that accident, United Services Automobile Association (USAA) insured Dr. Dugas and provided liability and underinsured motorist coverage to him. Dr. Dugas sued the underinsured motorist, her insurer, and his insurer, USAA, claiming the negligent third party was underinsured as to his damages. The underinsured motorist's insurer paid its policy limits of $20,000.00, and Dr. Dugas dismissed his suit against that insurer and its insured. Dr. Dugas's brought to trial before a jury his underinsured motorist claim against his insurer, USAA.
Before trial actually commenced, however, pursuant to LSA R.S. 22:658 and McDill, supra, which requires a good faith tender of an amount over which reasonable minds could not differ, USAA unconditionally tendered $110,000.00 which Dr. Dugas accepted. The case proceeded to trial against USAA for the allegedly remaining underinsured damagesan amount which Dr. Dugas claimed exceeded $130,000.00, the total of the $20,000.00 paid by the liability insurer of the underinsured motorist and the $110,000.00 paid by USAA. The jury awarded only $60,000.00 total damages to Dr. Dugas, $70,000.00 less than he had already received. Of the $60,000.00 of course, only $40,000.00 was uninsured, which means that when USAA paid Dr. Dugas $110,000.00 by its good faith McDill tender, it was $70,000.00 in underinsured benefits more than the jury found that he was entitled to receive. The jury award was affirmed on appeal in spite of Dr. Dugas's argument that the award was grossly inadequate, and an abuse of the jury's discretion. Dugas v. United Services Automobile Association, unpublished opinion at 542 So.2d 1179 (La.App. 4th Cir. 1989). In this suit, USAA seeks to recover the $70,000.00 overpayment from Dr. Dugas.
Dr. Dugas, as the defendant, filed exceptions of res judicature, estoppel by judgment, no cause of action, and a motion for summary judgment. USAA filed a motion for summary judgment. The trial court denied all exceptions and both motions for summary judgment. We now deny Dr. Dugas's application for writs because we agree with the trial court decision which overruled his exceptions and refused his motion for summary judgment. USAA has not applied for writs of review of the trial court's decision denying its motion for summary judgment.
Turning to the exceptions of res judicature and estoppel by judgment, Dr. Dugas contends these exceptions are applicable to the present suit because USAA did not seek a set off or reimbursement of its payment in the earlier suit wherein Dugas claimed underinsured motorist coverage. *921 The trial court correctly denied these exceptions because claims for set off and claims under La.R.S. 22:658 are separate causes of actions. Cantrelle Fence and Supply Co., Inc. v. Allstate Insurance Co., 515 So.2d 1074 (La.1987). Claims for reimbursement could not be made until damages were judicially determined by trial, and then only after this Court affirmed and the Supreme Court denied writs. The present suit is the proper vehicle to claim payment for a thing not due.
Dr. Dugas's exception of no cause of action is so intertwined with the motions for summary judgment that it would not be of any use to distinguish them, even if it were possible to do so. There is no factual dispute, the issue is the same: Does a UM insurer have a cause of action to recover the difference between an unconditional tender and the uninsured damages awarded by a jury?
A UM insurer is required by law to promptly pay the amount of any claim due after receipt of satisfactory proof of loss. La.R.S. 22:658, Hart v. Allstate Insurance Co., 437 So.2d 823 (La.1983). An insurer that fails to make such payments may be subject to penalties and attorney's fees. In addition to the La.R.S. 22:658 requirement, a UM insurer must tender the portion of a claim that cannot reasonable be disputed.
This amount would be unconditionally tendered to the [insured] not in settlement of the case, but to show their good faith in the matter and to comply with the duties imposed upon them under their contract of insurance with the insured. The amount due would be a figure over which reasonable minds could not differ.

McDill v. Utica Mutual Insurance Co., 475 So.2d at 1092-1093.
Nonetheless, the McDill requirement for an "unconditional tender" does not create an obligation separate from the insurance contract. On the contrary, McDill emphasizes the insurance contract, explaining that La.R.S. 22:658 is a mechanism for enforcing existing contractual obligations between insurer and insured. Further, McDill says that this unconditional tender merely shows the insurer's acknowledgement of "the duties imposed upon them under their contract of insurance with the insured." From this we conclude that neither La.R.S. 22:658 nor the jurisprudence contemplates that an unconditional tender is a separate obligation that displaces an insurer's contractual obligation.
"Unconditional" does not mean "final" or "conclusive" as if ending the litigation. It is not an accord and satisfaction, compromise or settlement. Johnson v. Protective Casualty Insurance Co., 572 So.2d 355, 357 (La.App. 1st Cir.1990). And it does not release the insured's claims when the insured accepts the tender. An insured may continue pursuing his claim against the insurer, seeking additional damages. Gallagher v. State Farm Insurance Co., 760 F.Supp. 562, 564 (E.D.La. 1991). Nor does it mean "irrevocable" or "forever binding" as a separate obligation, one that would be in addition to or supersede the insurance contract. We believe unconditional means just that: an insurer cannot condition its tender. As an example, an insurer cannot place conditions on its tender by requiring a release, or by demanding that the funds be placed in escrow, or by limiting their use to payment of medical bills. The tender is unconditional in the sense the insured can use it as his own, but it is not conclusively his until a judge or jury says that it is his as the amount due for underinsured damages.
Turning then to the contract, it is clear the insurance contract obligates the insurer to pay only actual damages.
"We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured [or underinsured] motor vehicle because of bodily injury:"
Since the "unconditional tender" is only a good faith act acknowledging a UM insurer's contractual obligation to pay damages, when an insurer pays more than the underinsured damages, or what is required by contract, then an insurer has a right to recover from its insured for mistaken or *922 excessive payments not due under the contract. Gallagher, supra., while not binding is persuasivesince an insured can seek more money, even after the tender, fairness dictates that the law operate for a defendant as well as a plaintiff, and permit a defendant to seek restoration or reimbursement of an excessive payment.
More importantly, the Louisiana Civil Code provides for restoration of mistaken or excessive payments:
He who receives what is not due to him, whether he receives through error or knowingly, obliges himself to restore it to him from whom he has unduly received it. La.C.C. art. 2301.
He who has paid through mistake, believing himself a debtor, may reclaim what he has paid. La.C.C. art. 2302.
Learned commentators support the above articles, one of whom is Planiol: Among other circumstances, an obligation to reimburse the payor arises when the eventual debt in view of which payment is made never arises. 2 Pt. 1 Planiol, Treatise on the Civil Law, section 842.
Louisiana courts have already held that a judgment debtor may recover an overpayment made to the judgment creditor when the judgment is reduced by an appellate court. Great American Indemnity Company v. Dauzat, 157 So.2d 308 (La. App. 3rd Cir.1963). This is closely analogous to the present case, because a McDill tender presupposes that the amount tendered will be contractually due as a result of a judgment. However, when the tender is in excess of the damages awarded, the excess payment is for a debt that never arises and is a payment of a thing not due. Hence, the insured has an obligation to restore the excess to the insurer, La.C.C. art. 2301, and the insurer has a right to the excess payment, La.C.C. art. 2302.
We believe this holding is consistent with the Legislative intent of LSA R.S. 22:658; that is, La.R.S. 22:658 and the jurisprudence encourages insurers to discharge their contractual obligations to pay actual damages promptly, and in good faith. If an insured is permitted to retain an overpayment, insurers will be discouraged, not encouraged, from promptly tendering good faith offers in discharge of their contractual duties.
We therefore sustain the trial court's rulings which denied the exceptions and motion for summary judgment of Dr. Dugas. We remand to the trial court for further proceedings consistent with this decision. We assess all costs of this writ to Dr. Joseph E. Dugas, Jr.
AFFIRMED AND REMANDED.
PRESTON H. HUFFT, J. Pro Tem., dissents with reasons.
PRESTON H. HUFFT, Judge Pro Tem., dissenting.
I respectfully dissent.
The majority decision places a "condition" on the "unconditional" payment pursuant to LSA-R.S. 22:658. The net effect of the decision is that a payment under LSA-R.S. 22:658 must now be held in escrow until the rendition of the final judgment to determine what, if any, portion of the payment is subject to a refund to the insurance company.
The payment under LSA-R.S. 22:658 was made for the sole purpose of avoiding the imposition of penalties and attorney's fees. This is what the insurance company received for its payment. Penalties and attorney's fees would not be imposed in this case because the payment was greater than the final judgment and if the final judgment had been $200,000.00 the insurance company would have argued against the imposition of penalties and attorney's fees on the judgment in excess of its payment on the basis that its payment was not arbitrary, capricious or without probable cause.
If the legislature had intended for the "unconditional" payment under LSA-R.S. 22:658 to be subject to the "condition" set forth in the majority opinion, it could easily have included such a "condition" in the statute. It is submitted that such a provision was not inserted because it would have destroyed the very purpose for the enactment of the statuteto insure the timely payment by the insurance company of the portion of the claim which is due so *923 the insured could immediately use the funds to alleviate the damages suffered.