620 So.2d 1158 (1993)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Dr. Zahur AZHAR.
No. 93-CC-0556.
Supreme Court of Louisiana.
July 1, 1993.
Rehearing Denied September 2, 1993.
Kevin D. Conner, Bubrig & Waid, Buras, for applicant.
James Ryan III, Valerie Ann Welz, Sessions & Fishman, New Orleans, for respondent.
WATSON, Justice.[1]
After receiving personal injuries in an automobile collision, Dr. Zahur Azhar claimed damages from State Farm Mutual Automobile Insurance Company, the liability insurer of the other car and also his uninsured/underinsured carrier. State Farm paid Dr. Azhar $25,000 as the liability insurer of Shannon Holmes and $35,000 as his underinsured carrier. At trial, a jury fixed Dr. Azhar's total damages at only $28,600, reduced by fifty percent comparative fault to $14,300.
State Farm filed this suit to recover the $35,000 paid to Dr. Azhar in underinsured coverage. The trial court denied Dr. Azhar's exception of no cause of action, and the court of appeal denied a writ, citing *1159 United Services Auto. Ass'n v. Dugas, 593 So.2d 918 (La.App. 4th Cir.1992), writ denied, 596 So.2d 210 (La.1992). A supervisory writ was granted to review the action of the court of appeal. 616 So.2d 676 (La. 1993).
LSA-R.S. 22:658(A)(1) provides, in pertinent part:
All insurers ... shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
Civil Code Article 2301 provides:
Obligation to restore thing unduly received
He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.
Civil Code Article 2302 provides:
Right to reclaim thing unduly paid
He who has paid through mistake, believing himself a debtor, may reclaim what he has paid.
Civil Code Article 2308 provides:
Payment under agreement subject to uncertain suspensive condition
It is considered that a thing has been paid, when not due, if the payment was made by virtue of an agreement, the effect of which is suspended by a condition, the event of which is uncertain.
McDill v. Utica Mut. Ins. Co., 475 So.2d 1085 (La.1985), held that an insurer providing uninsured/underinsured coverage must promptly and unconditionally tender a reasonable amount to its insured. The court of appeal here relied on its earlier decision in Dugas, supra. Dugas decided that an insurer may claim reimbursement of an unconditional tender if it develops that the payment was excessive and not due. The court of appeal's error was in failing to recognize the effect of the word unconditional. Judge Hufft pointed out the mistake in his dissent, which is quoted with approval:
I respectfully dissent.
The majority decision places a "condition" on the "unconditional" payment pursuant to LSA-R.S. 22:658. The net effect of the decision is that a payment under LSA-R.S. 22:658 must now be held in escrow until the rendition of the final judgment to determine what, if any, portion of the payment is subject to a refund to the insurance company.
The payment under LSA-R.S. 22:658 was made for the sole purpose of avoiding the imposition of penalties and attorney's fees. This is what the insurance company received for its payment. Penalties and attorney's fees would not be imposed in this case because the payment was greater than the final judgment and if the final judgment had been $200,000.00 the insurance company would have argued against the imposition of penalties and attorney's fees on the judgment in excess of its payment on the basis that its payment was not arbitrary, capricious or without probable cause.
If the legislature had intended for the "unconditional" payment under LSA-R.S. 22:658 to be subject to the "condition" set forth in the majority opinion, it could easily have included such a "condition" in the statute. It is submitted that such a provision was not inserted because it would have destroyed the very purpose for the enactment of the statuteto insure the timely payment by the insurance company of the portion of the claim which is due so the insured could immediately use the funds to alleviate the damages suffered.
593 So.2d at 922-923.
As McDill requires, this tender was unconditional. State Farm's letter accompanying its check stated that it was "a good faith unconditional tender of your client's damage under our Underinsured Motorists coverage". State Farm's "Pre-Trial Inserts" said that it had made an unconditional tender of $35,000 as Azhar's underinsured carrier and $25,000 as Shannon Holmes' liability insurer, for a total of $60,000. State Farm stated: "This amount is judgment value in this case considering the injuries which plaintiff alleges to have received. Plaintiff is not entitled to receive *1160 any additional money for injuries arising out of the accident sued upon."
Under C.C. art. 2308, a conditional payment, subject to an uncertain suspensive condition, is regarded as payment of a thing not due. Under that Article, a conditional payment may be reclaimed. The Article's converse implication is that an unconditional payment may not be reclaimed. An accepted, unconditional tender of funds an insurer reasonably believes it owes is not refundable, absent some fraud or ill practices. See Pitard v. Davis, 599 So.2d 398 (La.App. 5th Cir.1992).
State Farm's assessment of Azhar's claim was above that of the jury and represented a possible error in judgment. On the other hand, the jury may have erred. Regardless, State Farm evaluated the claim and made an unconditional payment to its insured, which cannot be recovered.
For the foregoing reasons, the judgment of the trial court is reversed; Dr. Azhar's exception of no cause of action is sustained; and State Farm's suit is dismissed at its cost.
REVERSED AND RENDERED.
CALOGERO, C.J., dissents and assigns reasons.
KIMBALL and MARCUS, JJ., dissent for reasons assigned by CALOGERO, C.J.
CALOGERO, Chief Justice, dissenting.
What McDill v. Utica Mut. Ins. Co., 475 So.2d 1085 (La.1985) referred to as an unconditional tender is not a final or conclusive payment, but one without such condition as, say, requiring a release or limitation on the use of the funds. Nor is it an accord and satisfaction, compromise or settlement. And it does not effect a release of the claim when the insured accepts the tender. As the court of appeal decided in United Services Auto Ass'n v. Dugas, 593 So.2d 918 (La.App. 4th Cir.1992) the tendered sum is not conclusively the insured's as the amount due for uninsured damages, until a judge or jury says it is.
"Since the `unconditional tender' is only a good faith act acknowledging a UM insurer's contractual obligation to pay damages, when an insurer pays more than the underinsured damages, or what is required by contract, then an insurer has a right to recover from its insured for mistaken or excessive payments not due under the contract.... since an insured can seek more money, even after the tender, fairness dictates that the law operate for a defendant as well as a plaintiff, and permit a defendant to seek restoration or reimbursement of an excessive payment." United Services Auto. Ass'n v. Dugas, 593 So.2d 918, at 921.
The result of this opinion will be to discourage UM insurance carriers from making early, substantial tenders. The fear of making irrevocable, larger than necessary payments will bring this about.
NOTES
[1] Pursuant to Rule IV, Part 2, § 3, Lemmon, J. was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).