McClendon, j.
| aThis is an appeal of a summary judgment rendered in favor of an insurer based on a finding that an insured’s son was not primarily residing in the father’s household, and thus, was not an insured under the terms of the policy. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL HISTORY
On January 31, 2003, fifteen-year-old Jeremy Haydel was a passenger in a vehicle driven by his friend, James Gilmore. Gilmore lost control of the vehicle causing it to slide into a concrete culvert. Tragically, Jeremy died as a result of the injuries he sustained in the accident. Jeremy’s parents, who were not married to one another, eventually settled with Gilmore’s insurer. Jeremy’s father, Michael Haydel (Dr. Haydel), then sought recovery under his own uninsured/underinsured motorist (UM) policy issued by State Farm Mutual Automobile Insurance Company (State Farm), and under his umbrella policy issued by Evanston Insurance Company (Evanston).
In August 2003, Dr. Haydel filed suit against several defendants, including State Farm, alleging that it had refused to honor his claim made under the UM policy. State Farm subsequently filed a motion for summary judgment asserting that no coverage existed under the policy. Among the arguments posited in support of its contention, State Farm maintained that Jeremy was not “primarily” residing in Dr. Haydel’s household at the time of the accident as required by the policy provisions. *173 In conjunction with its motion for summary judgment, State Farm submitted the policy of insurance, the deposition testimony of Jeremy’s mother, Jeanne Rovira, the deposition testimony of Dr. Haydel, and the consent judgment entered into by Dr. Haydel and Ms. Rovira in 1987.
| Jn opposing the motion for summary judgment, Dr. Haydel submitted his deposition testimony, Ms. Rovira’s deposition testimony, and the 1987 consent judgment. Dr. Haydel maintained that a person may have more than one residence and that Jeremy resided not only with his mother, but also with his father. Therefore, Jeremy was covered under the UM policy. In addition, Dr. Haydel asserted that the unconditional tender made by State Farm before suit was filed acted as a waiver of the right to litigate the coverage issue.
After a hearing, the trial court concluded that Jeremy did not meet the policy requirements for coverage, and granted summary judgment in favor of State Farm. Dr. Haydel’s claims against State Farm were dismissed. From that judgment, Dr. Haydel appeals.
APPLICABLE LAW
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s determination of whether a summary judgment is appropriate. Duplantis v. Dillard’s Department Store, 2002-0852, p. 5 (La.App. 1 Cir. 5/9/03), 849 So.2d 675, 679, writ denied, 2003-1620 (La.10/10/03), 855 So.2d 350. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). An issue is “genuine” if reasonable persons could disagree. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A fact is “material” when its existence or nonexistence may be essential to |Kthe plaintiffs cause of action under the applicable substantive theory of recovery. Any doubt as to a dispute regarding.a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Id.
POLICY INTERPRETATION
An insurance policy is a contract between the parties and should be construed using the general rules of contractual interpretation. The extent of coverage provided by a policy is determined by the parties’ intent, as reflected by the words of the policy. LSA-C.C. art. 2045; LSA-C.C. art. 2046; Frost v. David, 95-0839, p. 4 (La.App. 1 Cir. 5/10/96), 673 So.2d 340, 343. Words and phrases used in an insurance policy must be given their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. LSA-C.C. art. 2047; Edwards v. Daugherty, 2003-2103, 2003-2104, p. 11 (La.10/1/04), 883 So.2d 932, 940-41. Insurance policies should be construed to effect, not deny, coverage. Yount v. Maisano, 627 So.2d 148, 151 (La.1993). However, an insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Edwards, 2003-2103 at p. 11, 883 So.2d at 941. If the policy wording is clear and unambiguous, the insurance contract must be enforced as written. Edwards, 2003-2103 at p. 12, 883 So.2d at 941.
*174 The determination of whether a policy is ambiguous is a question of law. Gibbens v. Whiteside, 2004-1222, p. 5 (La.App. 1 Cir. 5/6/05), 915 So.2d 866, 869, writ denied, 2005-1525 (La.12/16/05), 917 So.2d 1116; Edwards, 2003-2103 at pp. 12-13, 883 So.2d at 941. However, the actual facts supporting the physical aspect of where a person lives are necessary tov | fimake a determination regarding whether coverage exists under an insurance policy. See Alpaugh v. Continential Insurance Company, 2001-0101, pp. 4-5 (La.6/29/01), 791 So.2d 71, 73-74 (per curiam).
The UM policy at issue herein provided coverage to a “relative.” The policy defined the term “Relative” as “a person related to you or your spouse by blood, marriage or adoption who resides primarily with you.” Thus, in order for coverage to exist, there must be a finding that Jeremy was “primarily” residing with his father, Dr. Haydel. On appeal, Dr. Haydel argues that the trial court erred in concluding that Jeremy was not a resident-relative of his household and submits that, at the very least, a question of fact exists as to the amount of time Jeremy lived at his home.
We find no ambiguity in the policy language in the present case. Through exhibits, including Dr. Haydel’s own testimony, State Farm established that no genuine issue of material fact existed as to where Jeremy “primarily” resided. Dr. Haydel agreed that Jeremy not only resided with his mother for “most” of the school year, but also that overall Jeremy spent about “70 percent” of his time in his mother’s household. This was confirmed by Jeremy’s mother’s testimony, who also testified that she had sole custody of Jeremy under the 1987 consent decree. Therefore, under the clear language of the policy, we find that Jeremy was not a “relative” covered by State Farm’s policy.
WAIVER
As to the argument that State Farm’s unconditional tender waived its right to litigate coverage, we disagree. Generally,
[t]he qualitative effect of defendant’s unconditional tender is that it served to protect defendant’s interests under [LSA-R.S. 22:658]. The tender served to place defendant in such a position as to avoid penalties and attorney’s fees if, after trial, it is ultimately proven that coverage under the policy existed. |7The tender thus provided defendant with protection from liability exposure for penalties and attorney’s fee’ at the conclusion of the case. (Footnote omitted.)
Clark v. State Farm Mutual Automobile Insurance, 2000-3010, p. 21 (La.5/15/01), 785 So.2d 779, 792 (issue before the court was abandonment, and not specifically the viability of coverage, but the statement speaks to the purpose and operation of the statute); see State Farm Mutual Automobile Insurance Company v. Azhar, 620 So.2d 1158, 1159 (La.1993).
The legislative scheme encourages the insurer to make a good faith payment to an injured insured despite future or ongoing litigation. See State Farm Mutual Automobile Insurance Company, 620 So.2d at 1159. Although an unconditional tender is not recoverable, the insurer is expected to pay amounts reasonably due within thirty days of the submission of a satisfactory proof of claim. State Farm Mutual Automobile Insurance Company, 620 So.2d at 1159-60; LSA-R.S. 22:658 A(1).
State Farm’s unconditional tender was made in April of 2003, before the filing of Dr. Haydel’s suit in August of 2003, and before formal discovery commenced. At *175 that time, State Farm did not have the benefit of the information gleaned from the extensive questioning of Jeremy’s parents at their depositions. Nothing in this particular tender stated or inferred that State Farm was waiving the issue of the coverage under Dr. Haydel’s UM policy, or doing anything other than making a good faith tender to avoid fees and penalties under LSA-R.S. 22:658. To hold that such an unconditional tender acts as an automatic waiver of the insurer’s right to litigate coverage questions raised by a subsequent informal investigation, or by formal discovery during the litigation process, would significantly discourage pre-suit payments and effectively block the desired legislative goal. For these reasons, we find no merit in the waiver argument.
| sTherefore, we affirm the summary judgment of the trial court dismissing Dr. Haydel’s claims against State Farm. The costs of the appeal are assessed to plaintiff-appellant, Dr. Michael Haydel.
AFFIRMED.
WHIPPLE, J., dissents and assigns reasons. Further the case presents no “res nova” issue or other criteria justifying publication under the Uniform Rules.