MeCLENDON, J.
lain this personal injury case, the plaintiff appeals a judgment awarding certain funds deposited into the registry of the trial court to the plaintiffs underinsured motorist (UM) carrier. We affirm.
FACTUAL AND PROCEDURAL HISTORY
This matter has previously been before this court. On September 8, 1999, the plaintiff, Amanda Relie, was rear-ended by a truck while she was driving her employ *68 er’s automobile on a work-related errand. Her employer’s automobile was insux-ed by United Services Automobile Association (USAA). Subsequently, she filed this lawsuit, and following a two-day bifurcated bench trial, the trial court issued oral i*ea-sons for judgment on March 23, 2005, awarding to Ms. Relie $59,104.00 for medical expenses, $1,378.80 for past lost wages, and $75,000.00 for general damages.[1] Regarding Ms. Relle’s claim that USAA failed to make a timely and adequate UM tender pursuant to its statutory obligations, that poi-tion of the trial was held on May 11, 2006. On May 30, 2006, the trial court issued oral reasons, concluding that USAA acted in an arbitrai-y and capricious manner in failing to pay more than its total tender of $60,000.00 over and above the $10,000.00 underlying insurance. The court awarded Ms. Relie $6,548.37 in penalties and $36,000.00 in attorney fees. A judgment reflecting both rulings was signed on February 9, 2007. Thereafter, Ms. Relie filed a devolutive appeal, and USAA answered the appeal.
Pending the appeal, USAA issued a check on March 6, 2007, in the amount of $48,152.12 payable to “Ms. Relie and her former counsel.”[2] The 13check was never endorsed by Ms. Relie, and ultimately, on January 9, 2009, it was l'eturned to USAA.[3] Because the check was not endorsed by Ms. Relie and never negotiated, and because Ms. Relle’s former counsel desired to assei't his claim on the funds, USAA filed a motion to deposit the funds into the registry of the couxt “without admission of liability” and to declare the judgment satisfied. On February 25, 2008, the tidal court signed its order for the deposit of the funds into the registry of the court with the additional language that “said funds not to be withdrawn without further order from this coui't, following mutual agreement of the parties or contra-dictoiy hearing.”[4]
On March 26, 2008, this court issued its opinion that affirmed in part and x-eversed in part the February 9, 2007 judgment of the trial coui’t. Specifically, we reversed that portion of the trial court’s judgment regarding penalties and attorney fees after concluding that the record did not support a finding that USAA was arbitrary and capiicious in failing to tender more than the $60,000.00 amount over the $10,000.00 *69 underlying insurance.[5] Relle v. Mayfield, 07-1167 (La.App. 1 Cir. 3/26/08), 978 So.2d 1261 (unpublished), writ denied, 08-0857 (La.6/6/08), 983 So.2d 924. The supreme court denied writs.
Thereafter, USAA attempted to withdraw the funds on two occasions, but its motion to withdraw the funds on deposit was denied by the trial court on July 18, 2008, and its motion for summary judgment seeking a declaration that it be permitted to withdraw said funds was denied on November 30, 2009.
On May 3, 2010, Ms. Relie and her attorneys filed an ex parte motion to withdraw the funds filed into the registry of the court. USAA opposed the motion and filed its own motion to withdraw the funds. Following a hearing on September 7, 2010, the motion of Ms. Relie was denied, and the motion of USAA |4was granted. A judgment to that effect was signed on October 6, 2010, allowing USAA to “withdraw all sums on deposit in the Court’s registry in this case, including any accrued interest.” The judgment further ordered that the execution and effect of this judgment be stayed pending the outcome of any appeal. Following the denial of her motion for new trial, Ms. Relie appealed.
DISCUSSION
In her appeal, Ms. Relie asserts that the trial court erred in failing to find that the voluntary payment by USAA was a discharge of a natural obligation that rendered USAA’s payment to Ms. Relie nonrecoverable by USAA. Specifically, Ms. Relie contends that the payment made by USAA, as a UM insurer, to Ms. Relie, as the UM insured, was pursuant to its obligations under LSA-R.S. 22:658.[6] As such, this duty gave rise to a natural obligation under LSA-C.C. art. 1760, et seq.[7] USAA contends, however, that its deposit was made pursuant to the trial court’s judgment, rendered as a statutory penalty, not as a natural obligation. It asserts that once that judgment was reversed, the basis for the payment ceased to exist. Thus, according to USAA, the deposit was payment of a thing not owed, and the trial court did not err in granting its motion for the withdrawal of the funds.
In support of her position that USAA’s deposit into the registry of the court was a good faith unconditional tender under USAA’s UM coverage, Ms. Relie cites the supreme court case of State Farm Mut. Auto. Ins. Co. v. Azhar, 620 So.2d 1158, 1160 (La.1993). However, we find the facts of Azhar | ¿clearly distinguishable, as the payment in that case was made prior to trial, was accepted, and was unconditional. In this matter, payment for the statutory penalties and attorney fees was not attempted until after judgment, was never accepted by Ms. Relie, and was be *70 ing made with a reservation of the right to appeal the judgment.
The trial court, in oral reasons, recognized that the payment into the registry of the court was not a UM tender, but rather a payment of a judgment. The trial court also recognized that the deposit was “not an attempt to put an end to the entire case, but to just put the money up and allow the appeal to go forward.”[8] Accordingly, it granted USAA’s motion to withdraw the funds.
Louisiana Civil Code article 2299 provides:
A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it.
In Gootee Const., Inc. v. Amwest Sur. Ins. Co., 03-0144 (La.10/10/08), 856 So.2d 1203, the supreme court interpreted Article 2299 in light of the question of whether funds paid in satisfaction of a judgment which is subsequently reversed must be refunded. The court concluded that the funds had to be returned because the judgment creditor did not have a judgment authorizing it to retain the funds once the judgment was overturned. The court stated:
In the instant case, it is clear that at the time Amwest paid Gootee, the payment was made pursuant to a valid judgment. However, once that judgment was reversed on appeal, the basis for the payment ceased to exist. Therefore, Gootee has no legal right to retain the funds and must refund them to Am-west’s subrogee, Mr. Owen.
Gootee Const., Inc., 03-0144 at p. 5, 856 So.2d at 1207. See also Orgeron v. Security Indus. Funeral Homes, Inc., 96-2127, p. 5 (La.App. 4 Cir. 2/26/97), 690 So.2d 243, 246 (“Implicit in the rules that authorize the execution of judgments appealed devol-utively is the obligation of the judgment creditor to | ^return voluntary payments made by a judgment debtor to avoid execution of the judgment during the pen-dency of a devolutive appeal if the judgment is reversed.”), and List Realty, Inc. v. Plaisance, 306 So.2d 920, 921 (La.App. 1 Cir.1974), writ denied, 310 So.2d 640 (1975) (“Even though a judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed, or, inferentially, during the pendency of a devolutive appeal, such creditor is subject to an action for the return of the funds received through such execution if the judgment is reversed.”)
We agree with the reasoning in these decisions. Ms. Relie has no legal right to the funds deposited into the registry of the court, and the trial court did not err in denying her motion to withdraw the funds and granting USAA’s motion ordering a return of the funds to USAA.
CONCLUSION
For the reasons assigned, the October 6, 2010 judgment of the trial court denying the motion of Ms. Relie to withdraw the funds filed into the registry of the court and granting the motion of USAA to withdraw the funds filed into the registry of the court is affirmed. Costs of this appeal are assessed to Amanda Relie.
AFFIRMED.

.At the first phase of the trial, the parties stipulated that 1) the accident was caused solely by the fault of the tortfeasor, Charles Mayfield, 2) Mr. Mayfield had insurance with U.S. Agencies in the amount of $10,000.00, 3) the $10,000.00 amount from U.S. Agencies had been exhausted, 4) there was no other available underlying insurance, 5) Ms. Relie was operating the vehicle with her employer’s permission, 6) the medical records and invoices were authentic, 7) USAA paid its medical payments coverage limit of $10,000.00 and tendered $50,000.00 under its UM coverage, and 8) the trial would be limited to the issue of compensatory damages, with the issue of whether USAA timely tendered a proper amount to Ms. Relie to be determined in a subsequently scheduled trial.

. The check amount included interest on the judgment through March 8, 2007, and court costs. Further, although Ms. Relle’s counsel had withdrawn at this point, counsel for USAA continued to copy counsel on his correspondence to Ms. Relie, in proper person, and subsequently, to her appellate counsel, in his attempts to get the check endorsed by Ms. Relie.

. Apparently, the check was given to counsel for USAA by appellate counsel for Ms. Relie at the oral arguments of the original appeal.

. The court also set for hearing the motion to declare the February 9, 2007 judgment satisfied as a consequence of the deposit. A minute entry in the record indicates that the hearing was passed without date. It does not appear that it was rescheduled.

. The panel rendering the opinion consisted of Judges Gaidry, McDonald, and McClendon. Judge Gaidry agreed in part and concurred on the issue of statutory penalties and attorney fees.

. Louisiana Revised Statute 22:658 (now LSA-R.S. 22:1892) provided, in pertinent part:
A. (1) All insurers issuing any type of contract ... shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.

.Louisiana Civil Code article 1760 provides:
A natural obligation arises from circumstances in which the law implies a particular moral duty to render a performance. Additionally, LSA-C.C. art. 1761 provides, in pertinent part:
A natural obligation is not enforceable by judicial action. Nevertheless, whatever has been freely performed in compliance with a natural obligation may not be reclaimed.

. The trial court explained that prior to the September 7, 2010 hearing it had not seen the proposed Receipt and Satisfaction of Judgment that included the reservation of the right to appeal.